UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EYE CARE PARTNERS, LLC,
Plaintiff,

vs.

LANCE SNARR, et al.,
Defendants.

Case No. 1:18-cv-507
Dlott, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court following an informal discovery conference held on January 23, 2019 with plaintiff Eye Care Partners, LLC, and defendant Visioncare Partners Management, Inc. D/B/A Total Eye Care Partners (TECP). The conference involved eight disputed discovery matters, which the Court resolved as follows:

1. Defendant TECP shall review and produce email correspondence for the period between April 2017 and September 2017 exchanged between defendant Lance Snarr and any acquisition target of TECP which relates to acquisitions in which Snarr was involved. If defendant believes there is a proportionality issue, defendant will have an opportunity to raise the issue with the Court.

On the remaining seven issues, the Court directs the parties to her Standing Order on Civil Procedures available online at https://www.ohsd.uscourts.gov/FPLitkovitz. Section I.D(2) requires that before the parties contact the Court to schedule an informal discovery conference, they must first attempt to resolve any discovery dispute by "extrajudicial means." The Standing Order defines "extrajudicial means" as "**both in writing and telephonically**." The parties did not comply with the Standing Order by attempting to resolve the discovery dispute telephonically before requesting that the Court intervene. The parties, through counsel, must therefore attempt to resolve the remaining discovery issues by speaking with each other on the telephone. The issues the parties must address are:

2. TECP's Acquisition Pipeline Reports and related prospect lists from April 1, 2017 to the present date for acquisitions in which defendant Snarr was involved.

3. The purchase agreement and closing binder related to TECP's acquisition of the D&M Practice Target, which is in response to Request No. 14.

4. The proposed ESI Protocol for TECP's production of Excel spreadsheets related to emails and attachments.

5. TECP's designation of documents as "Native Document Withheld Due to non-responsive Business Sensitive Content" and its withholding of these documents.

6. TECP's designation of documents as "Highly Confidential Attorneys' Eyes Only" and its redaction of these documents in their entirety.

7. TECP's production of documents that it has not designated as "Attorneys' Eyes Only" but which it has fully redacted.

8. The list of items which TECP sent to plaintiff for discussion regarding alleged deficiencies in plaintiff's document production.

**IT IS SO ORDERED.**

Date: 1/23/19

Karen L. Litkovitz
United States Magistrate Judge