UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EYE CARE PARTNERS, LLC,
    Plaintiff,

Case No. 1:18-cv-507
Dlott, J.
Litkovitz, M.J.

vs.

LANCE SNARR, et al.,
    Defendants.

**ORDER**

This matter is before the Court following an informal discovery conference held on February 25, 2019 with plaintiff Eye Care Partners, LLC (ECP), and defendants Visioncare Partners Management, Inc. D/B/A Total Eye Care Partners (TECP) and Lance Snarr (Snarr). The conference involved several disputed discovery matters, which were resolved as follows:

1. **Email correspondence between defendant Snarr and acquisition targets for the period April 2017 to September 2017**

Defendant TECP represented that it has conducted a reasonable search and has not found any email correspondence which relates to acquisition targets in which defendant Snarr was involved for the period April 2017 to September 2017. The parties agree that if plaintiff ECP learns during Snarr's deposition or otherwise that email correspondence between Snarr and an acquisition target from the relevant time period exists, TECP must produce the email correspondence and plaintiff ECP shall have the right to reopen Snarr's deposition.

2. **TECP acquisition pipeline reports**

Defendant TECP shall produce any additional pipeline reports, including email correspondence that has pipeline reports as attachments, by the end of business on Tuesday, February 26, 2019.

3. **D&M Practice target documents**

Documents related to the D&M Practice target are relevant and discoverable. Defendant

TECP shall produce the following D&M Practice target documents, which it shall designate "attorney eyes only," by the close of business on Tuesday, February 26, 2019: (1) the closing binder; (2) the acquisition agreement; (3) the seller questionnaire; (4) the pre-letter of intent questionnaire; and (5) financial information, including profit and loss statements, an audited financial statement, tax returns, and personal financial information.

### 4. Proposed ESI Protocol

TECP has agreed to re-produce every document it has provided to plaintiff in discovery to date and to produce each document going forward, including emails with attachments, as a separately numbered document.

### 5. Documents designated as sensitive business information

Defendant TECP has already produced unredacted copies of the Monthly Reporting Packages (TECP Doc. Nos. 191, 905-945, 946-1017) to plaintiff under different document numbers, and these documents are no longer at issue.

The Power Point presentation entitled "VisionCareStructure-Justin.pptx," which defendant TECP has produced as a blank document, is relevant. TECP's objection to producing the document on relevance grounds is overruled. The Power Point presentation shall be produced in unredacted form for attorney eyes only.

The Court accepts TECP's representation that the only relevant documents for the Monthly Reporting Package - Snarr - Edits.ppfx dated June 14, 2018 found at TECP Doc. Nos. 1114-1133 are Doc. Nos. 1122-1126, which TECP has produced to plaintiff in an unredacted form. TECP Doc. Nos. 1114-1121 and 1127-1133 are not relevant to the litigation and TECP need not produce these items at this juncture.

6. **TECP's designation of documents as "Highly Confidential Attorneys' Eyes Only" and its redaction of such documents in their entirety**

Documents related to all potential acquisition targets in which defendant Snarr was involved are relevant. Defendant TECP shall produce these documents in unredacted form for attorney eyes only.

7. **Plaintiff ECP's training documents related to trade secrets**

Plaintiff has agreed to produce employee training documents related to trade secrets and the confidentiality of trade secrets.

8. **Agreements pertaining to the relationship between plaintiff ECP and Clarkson**

Agreements that demonstrate the business relationship between plaintiff ECP and Clarkson are relevant. Plaintiff ECP shall produce agreements between ECP and Clarkson that are similar in nature to the agreements between Thoma & Sutton which plaintiff has produced in this litigation.

9. **TECP Requests for Production Nos. 33 and 34**

Plaintiff shall produce employment agreements for non-administrative employees who are authorized to communicate with acquisition targets through ECP and its related entities. Plaintiff shall redact any information related to compensation from such agreements.

**IT IS SO ORDERED.**

Date: 2/26/19

Karen L. Litkovitz
United States Magistrate Judge